IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOODY W. TANKSLEY,   No. CIV S-08-2881-CMK-P

    Plaintiff,

  vs.   ORDER

CDC-SALINAS, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed on January 5, 2009 (Doc. 10).[1]

/ / /

/ / /

/ / /

---

[1] After plaintiff filed a second document captioned "amended complaint" on January 15, 2009, the court ordered the pleading stricken and provided plaintiff an opportunity to file a single amended complaint. Plaintiff was informed that, if he did not do so within 30 days, the action would proceed on the January 5, 2009, pleading. Plaintiff did not file any new amended complaint. Therefore, the action proceeds on the amended complaint filed on January 5, 2009.

1

1   The court is required to screen complaints brought by prisoners seeking relief
2 against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.
3 § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or
4 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
5 from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover,
6 the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain
7 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
8 This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,
9 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied
10 if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
11 which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must
12 allege with at least some degree of particularity overt acts by specific defendants which support
13 the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is
14 impossible for the court to conduct the screening required by law when the allegations are vague
15 and conclusory.
16   Plaintiff's amended complaint is extremely difficult to read. It appears that
17 plaintiff, who uses a wheelchair, is claiming that necessary medical treatment was discontinued
18 in retaliation for his having filed lawsuits against prison officials. It also appears that plaintiff
19 claims he was denied toilet paper, legal materials, sheets, shoes, a drinking cup, and spoon for
20 some period of time. Finally, it appears that plaintiff complains of an incident of alleged
21 excessive force.
22   The hand-written amended complaint is, as stated above, almost impossible to
23 decipher. Specifically, plaintiff uses very large print, which he attempts to fit in the small spaces
24 of the form civil rights complaint. In addition, plaintiff does not allow for any margins and
25 instead writes from one edge of the page to another. These features combine to make it almost
26 impossible to discern plaintiff's claims or the names of the defendants. Rather than attempt to

guess at the nature of plaintiff's claims, plaintiff will be provided an opportunity to file a more legible pleading. In doing so, he is encouraged to allow for margins. If the form civil rights complaint provided by the court does not contain large enough line spacing or room for plaintiff to set forth his allegations, he is encouraged to write "see attached" on the form complaint and to set forth his claims on separate pages. He should also clearly identify each individual he names as a defendant.

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint filed on January 5, 2009, is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: April 22, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE